# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

Wei Guo Shi and Li Ming Yan individually and on behalf all other employees similarly situated,

        Plaintiff,

- against -

Yum's, Inc. d/b/a/ Yum's Subs, and James Chan,

        Defendant.

Case No.

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs Wei Guo Shi and Li Ming Yan (hereinafter "Plaintiffs") bring this action pursuant to § 17 of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act"), 29 U.S.C. § 217, to have defendant, Yum's Subs d/b/a/ Yum's Subs, and James Chan (hereinafter "Defendants") restrained from withholding unpaid overtime compensation due as the result of violations of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

## INTRODUCTION

1. Defendants own a chain of restaurants located in Memphis, Tennessee, violating the Fair Labor Standards act ("FLSA) by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiffs Wei Guo Shi and Li Ming Yan worked for Defendants as cooks and restaurant workers at Yum's Subs located at Memphis, Tennessee and was damaged by their illegal policy and/or practices. Plaintiffs were denied the compensation they were due under the FLSA. Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated current or former, hourly-paid Yum's Subs restaurant workers, including cooks and dishwashers, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of all other similarly situated individuals.

3. The class of similarly situated employees consists of all current and former restaurant workers, including cooks and dishwashers who were employed by Defendant during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 et seq.

5. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Tennessee. 28 U.S.C. § 1391(b)(2).

## PLAINTIFFS

6. Plaintiffs Wei Guo Shi and Li Ming Yan worked as restaurant workers for Defendants at its 3141 S Perkins Road, Memphis, TN 38118 restaurant location. They worked primarily as cooks where they prepared and cooked food from May 2016 to October 2016. Plaintiffs regularly worked in excess of 40 hours per week without receiving all the compensation they were due under the FLSA. Plaintiffs Wei Guo Shi's and Li Ming Yan's consent are attached as Exhibit A.

**CORPORATE DEFENDANT**

7. Upon information and belief, Defendant, at all times hereinafter mentioned, has been a Domestic for Profit Company with a principal place of business at 4571 Elvis Presley Blvd Memphis, TN 38116-7109. that is engaged in commerce in the United States and is otherwise subject to the FLSA, with multiple restaurants in the following locations:

1. 3141 S Perkins Road, Memphis, TN 38118
2. 782 South Highland Street, Memphis, TN 38111
3. 4571 Elvis Presley Blvd Memphis, TN 38116

8. Defendants, engaged in related activities performed either through unified operations or common control for a common business purpose, constitutes an enterprise within the meaning of Defendant employed Plaintiff within the meaning § 3(r) of the Act, 29 U.S.C. § 203(r); and

9. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done $500,000 constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C § 203(s)(1)(A).

10. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Yum's, Inc. d/b/a/ Yum's Subs.

**INDIVIDUAL DEFENDANT**

11. Upon information and belief, Defendant James Chan is the owner, officer, director and/or managing agent of Yum's, Inc. d/b/a/ Yum's Subs at 4571 Elvis Presley Blvd Memphis,

TN 38116 and participated in the day-to-day operations of Yum's Subs, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2 and the regulations thereunder, and is jointly and severally liable with Yum's, Inc. d/b/a/ Yum's Subs.

12. Upon information and belief, Defendant James Chan owns the stock of Yum's, Inc. d/b/a/ Yum's Subs and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

## STATEMENT OF FACTS

13. Defendants committed the following alleged acts knowingly, intentionally and willfully.

14. Defendants knew that the nonpayment of minimum wages, overtime pay, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

15. Plaintiffs worked for Defendants as restaurant workers, their job consisted of preparing and cooking the food. During their employment, Plaintiffs frequently worked 6 days a workweek, were denied lunch breaks, and worked approximately forty-nine (49) or more hours.

16. Plaintiffs schedule consisted of working on Monday, Wednesday, Thursday, and Sunday approximately from 10:45 a.m. to 11:00 p.m. Friday and Saturday approximately from 10:45 a.m. to 12:00 a.m.

17. Defendants paid Plaintiffs on a monthly basis, at a fixed rate of $3,100. However, Defendants paid Plaintiffs straight-time only (no overtime) for all hours worked in excess of 40 hours per work, regardless of the number of hours suffered or permitted to work. As a result, Defendants failed to pay overtime compensation, as required by the FLSA.

4

18. The FLSA requires Defendant to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours in a week. Defendant should have paid Plaintiff for 40 hours of regular pay and at least 9 hours of or more of overtime in a typical workweek, but Defendants failed to pay Plaintiffs that amount.

19. By failing to pay Plaintiff as described above, Defendant has deprived Plaintiff of a significant amount of overtime compensation to which he is rightfully entitled.

20. The FLSA and Department of Labor regulations set forth the proper means for calculating and paying overtime compensation to non-exempt employees like Plaintiff. Defendant failed to follow these rules when paying Plaintiff.

21. Defendant had a policy and/or practice of paying its employees for only a portion of the regular time and overtime they worked at the proper rate, instead of paying them the regular rate for all hours actually worked and time and one-half for all overtime hours worked in a given week.

22. Defendant knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

**COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiffs are aware that Defendant's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiffs, the Members of the Class are employed by Defendant as restaurant workers, including cooks and dishwashers, where they prepare and cook the food, as well as maintain the restaurant. The Members of the Class perform job duties similar to Plaintiffs, as described above.

24. As with Plaintiffs, Members of the Class frequently worked twelve hour work days with no breaks. Thus, upon information and belief, Members of the Class frequently worked approximately 48 hours or more per week.

25. As with Plaintiffs, Members of the Class are paid monthly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

26. Defendant's failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendant to pay its employees for less than all of the overtime hours a restaurant worker is suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as Plaintiff.

27. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly restaurant workers, including cooks and dishwashers, who were employed by Defendant during the three-year period preceding the filing of this complaint.**

28. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

29. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## STATEMENT OF CLAIM

### COUNT I
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

30. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

31. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

### COUNT II
### [Violation of the Fair Labor Standards Act—Failure to Keep Records]

32. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

33. Defendant failed to maintain and preserve accurate and adequate records containing the actual hours each employee works each workday and total hours each employee works each workweek.

34. Defendant's failure to maintain and preserve accurate and adequate records constitutes a violation of 29 U.S.C. § 211(c).

### Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective members, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action

and class, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Tennessee Law;

e) An injunction against Yum's, Inc. d/b/a/ Yum's Subs its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and Tennessee Law, plus compensatory and liquidated damages pursuant to 29 U.S.C. § 216(b);

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment fees; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York May 24, 2017                HANG & ASSOCIATES, PLLC.

*/S/ JIAN HANG*
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Yum's Subs. and related individuals and/or entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Shi, Wei Guo
Full Legal Name (Print)

_____
Signature

03/21/2017
Date

11

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Yum's Subs. and related individuals and/or entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

X YAN LIMING
Full Legal Name (Print)

X YAN LIMING
Signature

3/27/2017
Date